# Supreme Court of Texas

No. 21-0893

In re Steven Hotze, M.D., Hon. Sid Miller, Gerry Monroe, Randolph Price, Alan Hartman, Alan Vera, and Gregory Blume,

*Relators*

## On Petition for Writ of Mandamus

JUSTICE BLACKLOCK, joined by JUSTICE YOUNG, concurring in the denial of the petition for writ of mandamus.

The dissenting justice would grant the mandamus petition to reinforce this Court's precedent, under which "the Election Code does not authorize an early-voting clerk to send an application to vote by mail to a voter who has not requested one." *State v. Hollins*, 620 S.W.3d 400, 410 (Tex. 2020). After the mandamus petition was filed, however, the Legislature went further than this Court could ever go toward ensuring compliance with *State v. Hollins*. The Legislature made it a *felony* to "distribute[] an application to vote by mail to a person who did not request the application." TEX. ELEC. CODE § 276.016. Even if the Legislature's decisive action left anything more for this Court to say on the matter, granting this mandamus petition would be an improper way to say it.

The relators have not even attempted to allege that Harris County or its officers have violated, or intend to violate, section 276.016. Nor have the relators alleged the threat of any such violation. Relators' allegations concern only the November 2021 election, and the relief they seek has to do with that particular election, which is now in the books. Relators filed their mandamus petition in this Court on October 13, 2021, in an apparent attempt to secure a speedy ruling regarding the November 2021 election. They did not, however, file a motion for expedited relief, which parties seeking this Court's immediate action must do. After the November 2021 election passed, Harris County filed a response to the mandamus petition, in which it argued, quite plausibly, that the mandamus petition is moot because relief can no longer be afforded with respect to the November 2021 election.

The relators *did not respond* to the County's contention that the passage of the November 2021 election mooted this case and thereby deprived this Court of jurisdiction. They had every opportunity to file a reply brief, in which they might have made some of the (to my mind, unconvincing) arguments the dissenting justice now makes on their behalf regarding mootness. They filed no reply brief. They have filed nothing in this Court since their original mandamus petition on October 13, 2021. In the meantime, the November 2021 election came and went, and section 276.016 went into effect on December 2, 2021, criminalizing the very conduct relators ask this Court to order Harris County not to engage in.

Relators have had over three months to explain to this Court how their petition is not moot. They have not done so. They have had every

2

opportunity to explain how they could be entitled to the extraordinary remedy of mandamus relief absent any allegation that Harris County threatens to violate the newly enacted section 276.016.[1] They have not done so. They have not made any of the arguments the dissent makes for why this case remains viable. Most importantly, they have not even tried to explain how it could be that this Court continues to have jurisdiction over a mandamus petition about a past election. The dissenting justice's interest in addressing the issues raised by this petition is evident, but *the relators themselves* have demonstrated *no interest* in continuing to pursue this Court's review of a question the Legislature has already decisively addressed.

If the dissenting justice's concern that Harris County might violate the law in the future is realized, other lawsuits will surely follow. As for this mandamus petition, not even the relators dispute that events

---

[1] Even if Harris County were to make such an ill-considered threat, the advisable course for a plaintiff seeking an injunction against this or any other illegal government action is a lawsuit filed in district court, not an original mandamus petition filed directly in the Supreme Court. Plaintiffs facing imminent injury are entitled to insist on expedited consideration in the lower courts, and lower courts that refuse to act quickly when circumstances warrant may find the decision taken out of their hands by a court of appeals or this Court, whether in an expedited appeal or on mandamus. The Election Code does authorize this Court to consider original mandamus petitions concerning elections, TEX. ELEC. CODE § 273.061, and in rare cases we may need to do so. But section 273.061 is not an automatic free pass to the Supreme Court for litigants who would rather not bother with lower court litigation. Even in emergency situations, this Court is much better situated to decide expedited appeals or mandamus petitions arising out of litigation in lower courts than it is to decide original actions filed directly in this Court with no evidentiary record by parties who have not even attempted to traverse the normal pathway through the lower courts.

have overtaken it. The Court's decision to deny this petition is ineluctably correct.

I respectfully concur in the denial of the petition for writ of mandamus.

> James D. Blacklock
> Justice

**OPINION DELIVERED:** March 18, 2022

4